### Age Discrimination

KANE, Attorney General, HUNTING, Deputy Attorney General, and YAKOWICZ, Solicitor General, January 12, 1978—The Apprenticeship and Training Council has raised the issue whether age limitations can continue to be imposed in apprenticeship programs. It is our opinion, and you are so advised, that age limitations cannot be set by the council or by the sponsors where such limitations would be contrary to the prohibition against age discrimination contained in the Pennsylvania Human Relations Act,[1] and that bona fide occupational qualification exemptions cannot be granted by the Human Relations Commission to apprenticeship programs on the basis of age unless the standards expressed in the applicable regulations are met.[2]

The Apprenticeship and Training Council was established by statute[3] to coordinate the development of programs designed to help people obtain work skills. The policy stated in the act to which the council is required to give effect, is "(i) to encourage the development of an apprenticeship and

1. Act of October 27, 1955, P.L. 744, as amended, 43 P.S. §§951-63.
2. 16 Pa. Code §§41.71-73.
3. Act of July 14, 1961, P.L. 604, sec. 3, 43 P.S. §90.3.

training system . . . (2) to provide for . . . standards of apprenticeship and training . . . (3) to aid in providing maximum opportunities for unemployed and employed persons to improve and modernize their work skills; and (4) to contribute to a healthy economy by aiding in the development and maintenance of a skilled labor force . . ." Act of July 14, 1961, P.L. 604, sec. 1, 43 P.S. §90.1. This expression of policy is broad enough to include all workers of all ages in the apprenticeship program. Indeed, the reference to improving and modernizing work skills to include opportunities for unemployed persons suggests retraining older workers whose skills have become outdated in order to improve their productivity as workers.

Despite the policy expressed in the statute, and possibly in recognition of the special needs of apprenticeship programs, the regulations established by the council pursuant to this statute provide that qualification standards can be set which include age requirements: 34 Pa. Code §81.35(2). Sponsors are permitted to set qualification standards which meet specific guidelines in order to select apprentices from the eligible applicants: 34 Pa. Code §81.32(2)(i), §81.35(2). Granting the option of setting an age restriction as a qualification standard for admission to the apprenticeship program, however, is not considered an inflexible limitation in the regulations. For example, a sponsor must dispense with its maximum age limit in order to obtain minority apprentices where such action is required by an affirmative action plan: 34 Pa. Code §81.22(b)(9).

The Human Relations Act prohibits age discrimination in certain circumstances by both employers and employment agencies. These two

categories are defined broadly enough to include both the Apprenticeship and Training Council and the sponsors: Act of October 27, 1955, P.L. 744, sec. 4(b)(e), as amended, 43 P.S. §954(b), (e). The term "employer" is specifically defined in the regulations of the council to include sponsors: 34 Pa. Code §81.3. Among the discriminatory practices prohibited by the act are refusal by an employer to hire or employ an individual due to his or her age, and refusal by an employment agency to refer an individual for employment because of his or her age: Act of October 27, 1955, P.L. 744, sec. 5(a), (f), as amended, 43 P.S. §955(a), (f). The term "age", of course, only includes those persons between the ages of 40 and 62: 43 P.S. §954(h). It is, therefore, apparent that under the Human Relations Act neither the council nor the sponsors may set age limitations which have the effect of discriminating against persons in this age group.

In the letter of the council's director which was forwarded to us, it was indicated that exemptions had been granted to apprenticeship programs in the past which allowed for age limitations. There is nothing presently in the Human Relations Act or in the Human Relations Commission Regulations on which to base an exemption allowing age limitations that exclude workers between the ages of 40 and 62. The bona fide occupational qualification exception, which was mentioned in the director's letter as a basis for an exemption, is so narrowly defined as to be unavailable for this purpose: Act of October 27, 1955, P.L. 744, sec. 5, as amended, 43 P.S. §955, 16 Pa. Code §41.71. It is specifically stated in the regulations that the bona fide occupational qualification exception is not warranted if based upon "historical usage, tradition, or custom." 16 Pa. Code §41.71(e)(3).

In his letter, the Director of Apprenticeship and Training points to a Federal regulation permitting age limitations in apprenticeship programs which meet the Federal standards: 29 C.F.R. §860.106. The fact that the Apprenticeship and Training Council can impose age limitations without violating Federal requirements, however, does not automatically bring it into conformity with Pennsylvania law. Pennsylvania can require adherence to stricter standards in the area of civil rights than those established by the Federal government: Anderson v. Upper Bucks County Area Vocational Technical School, 30 Pa. Commonwealth Ct. 103, 373 A.2d 126 (1977). In this case, although an exception exists in the Federal law for age limitations in apprenticeship programs, such an exception is not available under Pennsylvania law. It is, therefore, necessary to advise the council that limitations excluding the age group of 40 to 62, covered by the Human Relations Act, cannot be imposed by the council or its sponsors.